# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| **MARCOS PATRIZIO CASA-BEAUX,**<br>**Petitioner,**<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br>**Respondent.** | **NO.**<br><br>**PETITION TO QUASH IRS**<br>**THIRD-PARTY SUMMONS** |

## PETITION TO QUASH SUMMONS

Petitioner Marco Patrizio Casas-Beaux (Petitioner) hereby petitions this court to quash the third-party summons served by the Internal Revenue Service (IRS) upon Bank of America for records relating to the Petitioner's business. In support of the Petition, the Petitioner alleges as follows:

1. <u>Jurisdiction.</u>  This proceeding is brought pursuant to the provisions of Title 26 U.S.C § 7609(b)(2), to quash an Internal Revenue Service administration summons. This Court has jurisdiction pursuant to 26 U.S.C §7609(h). The underlying summons was prepared by the IRS on February 5, 2010. Accordingly, this Petition is timely filed under 26 U.S.C. §7609(b)(2)(A).

**PETITION TO QUASH IRS THIRD-PARTY**
**SUMMONS -1**

John A. Sterbick, Esq.
**Law Offices of John A. Sterbick, P.S.**
1010 So I St
Tacoma, WA 98405
(253) 383-0140 • (253) 383-6352 Fax
<u>*AttorneyOfficeSupport@Gmail.com*</u>
Attorney for Petitioner Marcos Patrizio Casas-Beaux

2. <u>Venue.</u>  The administrative summons at issue was served upon Bank of America, Legal Notice Department, 800 5th Avenue, Seattle, WA 98104. Accordingly, venue is proper in the Western District of Washington at Tacoma pursuant to 28 U.S.C. § 1391(e)(2).

3. <u>Petitioner.</u>  The summons requires the giving of testimony on or relating to the production of records made or kept on or relating to the Petitioner, who is an individual and citizen of the United States. The testimony and records sought in the summons relate to the Petitioner, who is identified in the summons. Petitioner is a person entitled to notice of the summons under 26 U.S.C. §7609(a), and to begin proceedings to quash pursuant to 26 U.S.C. §7609(b)(2).

4. <u>Respondent.</u>  The Respondent is the United States of America. Tracy Madrigal, Employee Number #0443342, is the issuing officer, and is a Revenue Agent employed by the Internal Revenue Service at Honolulu, Hawaii.

5. <u>Summons.</u>  On February 5, 2010, the IRS prepared a summons for documents and testimony. The Summons is an identical copy of a summons issued by the IRS on December 21, 2009. A Petition to Quash was filed in response to the original summons and this Petition is filed pursuant to the second identical summons. The summons requires Bank of America, a third-party record keeper, to testify and to produce all records of the Petitioners Bank of America accounts. The summons attached hereto as **Exhibit A** purports to relate to Federal employment or excise tax liabilities of the Petitioner.

6. <u>Enforceability of the Summons.</u>

**PETITION TO QUASH IRS THIRD-PARTY SUMMONS -2**

John A. Sterbick, Esq.
**Law Offices of John A. Sterbick, P.S.**
1010 So I St
Tacoma, WA 98405
(253) 383-0140 • (253) 383-6352 Fax
*AttorneyOfficeSupport@Gmail.com*
Attorney for Petitioner Marcos Patrizio Casas-Beaux

a.   Unlike grand jury subpoenas, administrative summonses are not self-enforcing, and Congress has placed federal courts between the IRS and the person summonsed. Therefore, one of the purposes of a motion to quash is to contain the threat of IRS overreaching and refuse to enforce abusive summonses. *See United States v. Bisceglia*, 420 U.S. 141 (1975), *Reisman v. Caplin*, 375 U.S. 440 (1964), and *Schultz v. Commissioner*, 395 F.3d 463 (2d Cir. 2005).

b.   The validity of a summons is governed by the standards establishing "good faith" and set forth in *United States v. Powell*, 379 U.S. 48 (1964). The IRS must show that (1) its request is being conducted for a legitimate purpose, (2) its request is relevant, (3) it does not already have the information requested in its possession, and (4) all required administrative procedures have been followed. Therefore, the courts may scrutinize a summons to determine whether the IRS seeks information relevant to a legitimate investigative purpose and may determine not to enforce a summons. See *United States v. Goldman,* 637 F 2d 664, 667 (9th Cir. 1980). The instant summons was issued on December 10, 2009, yet a letter to resolve the matter was issued December 14, 2009. There was never a real desire to resolve the issue informally expressed by the IRS. This fact is evidence that the summons was issued in bad faith.

c.   The Petitioner challenges the validity of the summons issued by the IRS for many reasons.  First, the summons is being conducted for an illegitimate purpose and is therefore unenforceable.  The Supreme Court has held that a summons issued for an improper purpose should not be enforced because such a summons constituted an abuse of process.  See *United States v. Powell*, 379 U.S. 48 (1964). The Petitioner

**PETITION TO QUASH IRS THIRD-PARTY SUMMONS -3**

John A. Sterbick, Esq.
**Law Offices of John A. Sterbick, P.S.**
1010 So I St
Tacoma, WA 98405
(253) 383-0140 • (253) 383-6352 Fax
*AttorneyOfficeSupport@Gmail.com*
Attorney for Petitioner Marcos Patrizio Casas-Beaux

1  seeks to quash this summons because the summons requests irrelevant information

2  under the guise of the IRS's examination of the Petitioner's year 2006-2008

3  employment and excise tax obligations. Further, the petitioner has been in Chapter 11

4  Bankruptcy since 2008. The IRS is aware of the Petitioner's petition for bankruptcy

5  relief. As such the IRS has had access to the Petitioner's financials through The United

6  States Bankruptcy proceedings. The information now being requested gives no further

7  relevant revelations.

8          d.   Upon information and belief, the IRS is attempting to obtain information for

9  an audit unrelated to the Petitioner's examination. The IRS summons requests

10 documents relating to bank information including: signature cards; corporate resolution;

11 statements; loan agreements and checks. In an attempt to collect information regarding

12 unpaid employment and excise taxes, the IRS has improperly issued this summons

13 under the false label that the information relates to the Petitioner's tax liabilities. The

14 items requested do not give light as to whether the liabilities have been paid nor do the

15 items vitiate the fact that the Petitioner has made an effort to informally resolve the

16 matter. This ruse constitutes an abuse of process.

17          e.   The IRS's summons also should be quashed because it is irrelevant.  The

18 standard of relevancy for records, as articulated by the U.S. Supreme Court is, that

19 "[r]ecords that illuminate any aspect of the [taxpayer's] return" are considered relevant.

20 Under this standard of relevancy, the IRS's summons fails.  The bank information

21 requested does not illuminate any aspect of the taxpayer's failure to pay his tax

22 obligation nor does address his current attempt to pay. Signature cards, corporate

**PETITION TO QUASH IRS THIRD-PARTY SUMMONS -4**

John A. Sterbick, Esq.
**Law Offices of John A. Sterbick, P.S.**
1010 So I St
Tacoma, WA 98405
(253) 383-0140 • (253) 383-6352 Fax
*AttorneyOfficeSupport@Gmail.com*
Attorney for Petitioner Marcos Patrizio Casas-Beaux

resolutions and loan agreements and checks issued, do not have bearing on the calculation of employment taxes nor excise taxes.  Any such documents would not illuminate any aspect of the Petitioner's business's  affairs. The IRS already knows Petitioner's tax liability.

f.    Courts have required a greater showing of relevance when a summons is issued to a third party.  See *United States v. Harrington*, 388 F. 2d 520 (2d Cir. 1968).  The government must show that a requisite nexus existed between the taxpayer and the records of another's affairs before enforcing a summons.  See *United States v. Arthur Young & Co.*, 677 F. 2d 211, 216 (2d Cir. 1982).  The Second Circuit has applied this closer scrutiny when the third party is a "stranger" to the taxpayer's affairs.  Bank of America is a steward of records relating to the Petitioner's business, but it does not have any knowledge of the internal workings of the business or the number of employees employed by the petitioner. The Bank cannot contextualize the financial information it holds; it is merely a repository.  The Ninth Circuit Court of Appeals previously ruled that an order to quash a summons on relevancy grounds was proper because the summons demanded client-identifying information that was not relevant to the correctness of the taxpayer's return.  See Tedder & Associates, Inc. v. States, 77 F. 3d 1166 (9TH Cir. 1996).

g.    An IRS summons is also unenforceable if it is vague, overbroad or overly burdensome.  The IRS summons to Bank of America is overbroad for the reasons stated above.  Additionally, the IRS's summons is overbroad because it requests

**PETITION TO QUASH IRS THIRD-PARTY SUMMONS -5**

John A. Sterbick, Esq.
**Law Offices of John A. Sterbick, P.S.**
1010 So I St
Tacoma, WA 98405
(253) 383-0140 • (253) 383-6352 Fax
*AttorneyOfficeSupport@Gmail.com*
Attorney for Petitioner Marcos Patrizio Casas-Beaux

documents that do not involve employees and business dealings. *United States v. Darwin Construction Co.*, 632 F.Supp. 1426, 1430 (D. Md. 1986).

For the reasons stated above, the summons is not enforceable, and should be quashed.

WHEREFORE, Petitioner requests that this Court enter an order quashing the summons, award Petitioner's attorneys' fees and costs incurred in connection with this Petition, and for such other relief as is just and equitable.


DATED this 22nd  day of February, 2010.


LAW OFFICES OF JOHN A. STERBICK, P.S.


John A. Sterbick, WSBA #17805
Attorney for Petitioner Marcos Patrizio Casas-Beaux

**PETITION TO QUASH IRS THIRD-PARTY SUMMONS -6**

John A. Sterbick, Esq.
**Law Offices of John A. Sterbick, P.S.**
1010 So I St
Tacoma, WA 98405
(253) 383-0140 • (253) 383-6352 Fax
*AttorneyOfficeSupport@Gmail.com*
Attorney for Petitioner Marcos Patrizio Casas-Beaux